### GEORGE M. BEMIS *vs.* CLIFFORD G. BROWN.

October Term, 1898.

Present: ROSS, C. J., ROWELL, TYLER, MUNSON, START and THOMPSON, JJ.

Opinion filed January 12, 1899.

*Burden of Proof—Question for Jury.*—The defendant, acting as head clerk for the plaintiff, was entrusted with checks signed in blank to be filled and used by him for paying the bills of the store and, as the plaintiff's evidence tended to show, for no other purpose. He admitted having used some for his own purposes, but testified that for these he paid cash into the store. *Held,* that here was a fair question for the jury, the burden being upon the defendant to show payment for the checks, and that to order a verdict for the defendant was error.

ASSUMPSIT. Plea, general issue. Trial by jury at the December term, 1897, Bennington county, *Taft,* J., presiding. Verdict ordered and judgment thereon rendered for the defendant. The plaintiff excepted.

*Charles S. Chase* and *Barber & Darling* for the plaintiff.

*Batchelder & Bates* for the defendant.

Ross, C. J. This is an action of assumpsit, in the common counts. The plaintiff's specifications are for goods, wares, merchandise, cash, credits and choses in action, belonging to the plaintiff, wrongfully appropriated by the defendant while acting as the clerk, servant or agent of the plaintiff in his store at Readsboro, Vt. Against the exception of the plaintiff, the county court, at the close of the plaintiff's evidence, directed the jury to return a verdict for the defendant.

In determining whether this action of the trial court was erroneous, this court must take as proven every fact which the plaintiff's testimony fairly had a tendency to establish. There was evidence fairly tending to establish that the defendant worked for the plaintiff in his store from June, 1894, to January, 1897; that during that time the

defendant was the plaintiff's head clerk in his store, kept his books, made most of the purchases, took charge of the cash received, and filled all or nearly all the checks given for the payment of bills; that these checks were signed by the plaintiff, from time to time, unfilled, and left with the defendant to be used only in the business of the store; that a good amount of business was done in the store at a profit —more than enough to pay all expenses, but resulted in quite a large loss. The plaintiff called the defendant to the stand and examined him quite fully. His testimony and that of the plaintiff was the main testimony in the case. It would answer no profitable end to discuss this testimony in detail, nor in its various bearings. The defendant admitted that he filled and used various of the checks signed by the plaintiff unfilled, in his own business, but claimed that he paid the money for them into the cash of the store. Treating as established, which the testimony tend to show, that the defendant had no right to fill and use any of the checks for his own use, such use was wrongful and a misappropriation of the cash deposit of the plaintiff. This would entitle the plaintiff to recover for the cash thus appropriated, unless the defendant established that he fully restored the funds thus appropriated by him. For some of the checks thus used the defendant had to rely upon his own testimony that he paid into the cash of the store, at the time he used the checks, the money with which to purchase them. The plaintiff was not bound to take the testimony of the defendant in this respect as true, nor could the court assume that the jury would find it to be true, especially when the other facts in the case, which the testimony tended to establish, are considered.

The defendant's account of where and how he obtained the money to pay for these checks was neither clear nor conclusive. While the plaintiff gave no direct proof of any other specific misappropriation of his property by the defendant, that had not been fully accounted for, there were facts and circumstances which the

evidence tended to establish, from which the jury might find misappropriations by the defendant other than the checks used by him. In regard to whether the defendant paid for these checks in cash at the time he filled and used them about his own business the plaintiff clearly had the right to go to the jury. The testimony is quite voluminous and would demand careful study and consideration to determine the specific claims, aside from these checks, on which the the plaintiff had the right to go to the jury. It is to be presumed the counsel will so present the testimony on a re-trial that such points will be clearly developed and presented.

*Judgment reversed and cause remanded.*